IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-403-FL-2
No. 5:16-CV-526-FL

| | |
|---|---|
| QUANDRE ROSHAWN WEEKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended (DE 94, 102), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 105). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On April 16, 2013, petitioner pleaded guilty, pursuant to a written plea agreement, to possession of machine guns and aiding and abetting, in violation of 18 U.S.C. §§ 922(o), 924(a)(2), and 2. On October 2, 2013, this court sentenced petitioner to 84 months' imprisonment. Petitioner did not appeal his judgment.

On June 24, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in Johnson, his advisory guideline range was improperly calculated. On August 30, 2016, the government moved to dismiss petitioner's § 2255

motion for failure to state a claim upon which relief may be granted.

## COURT'S DISCUSSION

A.      Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.      Analysis

In Johnson, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a "violent felony" for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in Johnson held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court later decided Welch v. United States, 136 S. Ct. 1257, 1268 (2016), which held that Johnson applies retroactively to cases on collateral review.

Petitioner's advisory guideline range was not based on the definition of a "violent felony" addressed in Johnson. Rather, petitioner's total offense level was calculated based on the type of weapons he possessed, the number of firearms involved in the offense, the fact that the firearms

2

possessed were stolen, and the fact that he used or possessed any firearm in connection with another felony offense. See PSR ¶¶ 40-43. In sum, Johnson had no effect on petitioner's sentence.

Petitioner's challenge to his advisory guideline range also fails because it is not cognizable on collateral review. See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."); see also Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that § 2255 proceedings allow petitioners to challenge errors that result in the "complete miscarriage of justice," not "ordinary questions of guideline interpretation" (internal quotation marks omitted)). The Fourth Circuit Court of Appeals similarly held that a defendant's challenge to his career offender designation based on the intervening decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), is not cognizable on collateral review. See United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015) (holding that "we are hesitant to undermine the judicial system's interest in finality to classify a Sentencing Guidelines error as a fundamental defect").

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claim presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

3

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 94, 102) and GRANTS the government's motion to dismiss (DE 105). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of June, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge